UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION OF PENNSYLVANIA; NATIONAL IMMIGRATION LITIGATION ALLIANCE,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT,<br><br>Defendant. | Case No. _____ |

**FOIA COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

**INTRODUCTION**

1. This is an action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552 *et seq.*, seeking to compel Defendant U.S. Immigration and Customs Enforcement (ICE) to immediately release records relating to incidents, allegations, and investigations of sexual abuse, assault, and harassment at the Moshannon Valley Processing Center, an immigration detention center in Philipsburg, Pennsylvania.

2. Under standards intended to protect the safety, security, and conditions of confinement for individuals in detention, immigration detention facilities must report incidents and allegations of sexual assault, abuse, and harassment to ICE. Despite the importance of such reporting and oversight to prevent such incidents, the results of this reporting often remain undisclosed both to the public and to people detained at the facilities.

3. On November 13, 2024, Plaintiffs American Civil Liberties Union of Pennsylvania (ACLU-PA) and the National Immigration Litigation Alliance (NILA) submitted a

request pursuant to FOIA to Defendant requesting records relating to incidents, allegations, and investigations of sexual abuse, assault, and harassment at the Moshannon Valley Processing Center. A copy of the FOIA request is attached as Exhibit A. Despite its statutory obligation to do so, Defendant has failed to substantively respond to the FOIA request or to produce any records in response to it. Plaintiffs now ask this Court to order Defendant to locate and release all records responsive to the FOIA request.

## JURISDICTION AND VENUE

4.  This Court has subject-matter jurisdiction under 5 U.S.C. § 552 *et seq.* (FOIA statute) and 28 U.S.C. § 1331 (federal question). This Court has jurisdiction to grant declaratory, injunctive, and further necessary relief pursuant to 28 U.S.C. §§ 2201-2202 (Declaratory Judgment Act).

5.  Venue is proper in this District under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e) because this is a civil action in which Defendant is a federal agency, Plaintiff ACLU-PA has its principal place of business in this District, and there is no real property involved in this action.

6.  Defendant acknowledged receipt of the FOIA Request by sending a notice on November 15, 2024. *See* Exhibit B. To date, Defendant has not made a determination on Plaintiffs' FOIA Request pursuant to 5 U.S.C. § 552(a)(6)(A). Because Defendant failed to comply with the statutory time limitations in responding to the FOIA Request, Plaintiffs are deemed to have exhausted administrative remedies in connection with the request. 5 U.S.C. § 552(a)(6)(C)(i).

## PARTIES

7.  Plaintiff ACLU-PA is a 501(c)(3) nonprofit organization with its principal place of

business in Philadelphia, Pennsylvania. The ACLU of Pennsylvania provides legal representation free of charge to individuals and organizations in civil rights and civil liberties cases and works to advance those important protections through various forms of advocacy and public education across the Commonwealth. Since its founding, the ACLU of Pennsylvania has been deeply committed to ensuring that citizens and noncitizens alike receive the due-process protections afforded to them by the Constitution. This work includes promoting transparency at both the state and federal level, often by seeking records under FOIA.

8. Plaintiff NILA is a tax-exempt, not-for-profit charitable organization under section 501(c)(3) of the Internal Revenue Code, with its principal place of business in Brookline, Massachusetts. Founded in 2020, NILA was established to realize systemic change in the immigrant rights' arena by engaging in impact litigation and by building the capacity of social justice attorneys to litigate in federal court through co-counseling in individual cases and providing strategic assistance. In addition to litigation, NILA disseminates practice materials on its public website and frequently presents on federal court and immigration law and practice.

9. Defendant ICE is a component agency of the Department of Homeland Security (DHS) and an agency within the meaning of 5 U.S.C. § 552(f)(1). Among other duties, ICE is responsible for the detention of noncitizens for immigration purposes. ICE has possession and control over the records Plaintiffs seek.

**STATUTORY AND LEGAL FRAMEWORK**

10. "The Freedom of Information Act was enacted to facilitate public access to Government documents." *U.S. Dep't of State v. Ray*, 502 U.S. 164, 173 (1991). Its basic purpose is to "ensure an informed citizenry," which is "vital to the functioning of a democratic society" and needed as a check against corruption and to hold the government accountable to the

3

governed. *Nat'l Lab. Rels. Bd. v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 242 (1978). Consistent with this purpose, the FOIA statute creates a "strong presumption in favor of disclosure [and] places the burden on the agency to justify the withholding of any requested documents." *Ray*, 502 U.S. at 173.

11. FOIA requires federal agencies to disclose records in response to a member of the public's request, unless those records fall within one of nine narrow statutory exemptions. 5 U.S.C. §§ 552(a)(3)(A), (b)(1)-(9). FOIA also requires an agency to make an adequate search for responsive records that is "reasonably calculated to uncover all relevant documents." *United States ex. rel. Mistick PBT v. Hous. Auth. of Pittsburgh*, 186 F.3d 376, 384 (3d Cir. 1999).

12. An agency must respond within 20 working days after receipt of a FOIA request, notifying the requester of the agency's determination whether or not to fulfill the request, providing the reasons for its determination, and informing the requester of his or her right to appeal the agency's determination to the agency head. 5 U.S.C. § 552(a)(6)(A)(i). In "unusual circumstances," an agency may postpone its response to a FOIA request or appeal, but it must provide notice and the date on which a determination is expected to be dispatched. 5 U.S.C. § 552(a)(6)(B). Generally, such notice shall not result in an extension of more than 10 working days. *Id.*

13. If the agency fails to comply with a request within the statutory time period, a FOIA requester is deemed to have exhausted its administrative remedies and can proceed directly to the district court, where the agency must show "exceptional circumstances" justifying its untimeliness and due diligence in remedying the violation. 5 U.S.C. § 552(a)(6)(C). Per the FOIA statute, "the term 'exceptional circumstances' does not include a delay that results from a predictable agency workload of requests under this section . . . ." 5 U.S.C. § 552(a)(6)(C)(ii).

14. A district court has jurisdiction to enjoin the agency from withholding records and to order production of records that are subject to disclosure. *See* 5 U.S.C. § 552(a)(4)(B).

## FACTUAL ALLEGATIONS

### Moshannon Valley Processing Center's Reporting Requirements to Defendant ICE

15. The Moshannon Valley Processing Center is a facility run by GEO Group, Inc. pursuant to a contract with Clearfield County, Pennsylvania that incorporates the County's Inter-Governmental Service Agreement (IGSA) with ICE.

16. The IGSA states that Moshannon Valley Processing Center must comply with several detention standards, including a Quality Assurance Surveillance Plan, DHS's Prison Rape Elimination Act Standards, and ICE's Performance-Based National Detention Standards. Several provisions of these standards require that the facility report to ICE incidents, allegations, and investigations of sexual abuse, assault, and harassment.

17. These reporting requirements include notifying various components of ICE of allegations of sexual assault or abuse, including to the relevant ICE Field Office Director, the ICE Office of Professional Responsibility, and/or the ICE Joint Intake Center.

### Plaintiffs' FOIA Request to Defendant ICE

18. On November 13, 2024, Plaintiffs submitted the FOIA Request to Defendant, requesting records related to incidents, allegations, and investigations of sexual abuse, assault and harassment at the Moshannon Valley Processing Center. *See* Exhibit A. Specifically, Plaintiffs requested four categories of records:

- All records, including communications, reports, summaries, and messages, received or sent by ICE personnel in connection with or pursuant to the Inter-Governmental Service Agreement (IGSA) between ICE and Clearfield County, Pennsylvania and the incorporated Quality Assurance Surveillance Plan that relate to incidents, allegations, or investigations of sexual abuse, assault, or harassment by employees, contractors, and/or volunteers at the Moshannon Valley Processing Center.

- All records, including communications, reports, summaries, and messages, received or sent by ICE personnel in connection with or pursuant DHS's Prison Rape Elimination Act Standards, as incorporated by reference in the IGSA between ICE and Clearfield County, Pennsylvania, related to incidents, allegations, or investigations of sexual abuse, assault, or harassment by employees, contractors, and/or volunteers at the Moshannon Valley Processing Center.

- All records, including communications, reports, summaries, and messages, received or sent by ICE personnel in connection with or pursuant to the Performance-Based National Detention Standards, regarding alleged incidents of sexual abuse, assault, or harassment by employees, contractors, and/or volunteers at the Moshannon Valley Processing Center and/or the investigation of such alleged incidents.

- Any other records, including communications, reports, summaries, or messages, regarding alleged incidents of sexual abuse, assault, or harassment by employees, contractors, and/or volunteers at the Moshannon Valley Processing Center and/or the investigation of such alleged incidents.

*Id.* at 1-2.

19. Together with the request, Plaintiffs sought a waiver of processing fees pursuant to 5 U.S.C. § 552(a)(4)(A)(iii). *See* Exhibit A at 2.

**Defendant ICE's Response to the FOIA Request**

20. Under the FOIA statute, ICE is obligated to respond to FOIA requests within 20 working days, 5 U.S.C. § 552(a)(6)(A), making ICE's response deadline December 12, 2024.

21. By a letter dated November 15, 2024, Defendant acknowledged receipt of the FOIA Request, invoked the 10-day extension of the response deadline permitted under 8 U.S.C. § 552(a)(6)(B), which lapsed on December 27, 2024. *See* Exhibit B at 1. In the same letter, Defendant granted Plaintiffs' request for a fee waiver. *Id*. at 2.

22. ICE has not corresponded with Plaintiffs since sending this acknowledgment on November 15, 2024.

23. Defendant did not determine whether to comply with the FOIA Request by the deadlines set forth in 5 U.S.C. § 552(a)(6)(A) or (B). To date, Defendant has failed to produce any records or make any substantive response to the FOIA Request.

6

## CLAIMS FOR RELIEF

### COUNT ONE
### Violation of FOIA, 5 U.S.C. § 552
### Failure to Timely Respond

24. All of the foregoing allegations are repeated and realleged as though fully set forth herein.

25. Pursuant to 5 U.S.C. § 552(a)(6)(A) and (B), Defendant was obligated to promptly produce records responsive to Plaintiffs' FOIA Request.

26. Plaintiffs submitted the FOIA Request on November 13, 2024. Defendant failed to issue a response, including a determination of whether to comply with the request and the reasons therefore, in the time provided under 5 U.S.C. § 552(a)(6)(A)(i) (20 days, excluding Saturdays, Sundays, and legal public holidays) or within the time permitted in certain unusual circumstances pursuant to 5 U.S.C. § 552(a)(6)(B)(i) and 6 C.F.R. § 5.5(c) (10 additional working days).

27. Defendant's failure to disclose all responsive records within the statutory time period violates, at a minimum, 5 U.S.C. § 552(a)(6)(A) and (B) and the corresponding regulations.

### COUNT TWO
### Violation of FOIA, 5 U.S.C. § 552
### Failure to Conduct an Adequate Search and to Disclose Responsive Records

28. All of the foregoing allegations are repeated and realleged as though fully set forth herein.

29. Defendant is obligated under 5 U.S.C. § 552(a)(3) to conduct a reasonable search for records responsive to the FOIA Request and to promptly produce those records to Plaintiffs.

30. Upon information and belief, Defendant has not conducted any search for records responsive to the FOIA Request. Defendant has not produced any records responsive to the FOIA

7

Request. Plaintiffs have a legal right to obtain such records, and no legal basis exists for Defendant's failure to search for them.

31. Defendant's failure to conduct a reasonable search and disclose all records responsive to the FOIA request violates, at a minimum, 5 U.S.C. § 552(a)(3) and the corresponding regulations.

**COUNT THREE**
**Violation of FOIA, 5 U.S.C. § 552**
**Improper Withholding of Agency Records**

32. All of the foregoing allegations are repeated and realleged as though fully set forth herein.

33. Under 5 U.S.C. § 552(a)(3)(A), Defendant is obligated to make properly requested records promptly available to a requester. Plaintiffs have a legal right under FOIA to the timely search and release of responsive, non-exempt agency records in response to the FOIA Request.

34. Upon information and belief, Defendant currently has possession, custody, or control of the requested records. To date, Defendant has not made any records available to Plaintiffs, nor produced a *Vaughn* index.

35. Defendant's withholding of requested records in its possession that are not exempt from disclosure under 5 U.S.C. § 552(b) violates, at a minimum, 5 U.S.C. § 552(a)(3)(A) and the corresponding regulations.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully requests that this Court:

a) Assume jurisdiction over this action;

b) Declare unlawful Defendant's failure to make a determination on the FOIA Request within the statutory time frame, failure to conduct an adequate search for the records requested

by Plaintiffs, and failure to disclose the records requested by Plaintiffs;

 c)  Order Defendant to make a full, adequate, and expeditious search for the requested records;

 d)  Order Defendant to expeditiously process and disclose all responsive, nonexempt records, and enjoin Defendant from improperly withholding the requested records;

 e)  Award Plaintiffs costs and reasonable attorneys' fees under 5 U.S.C. § 552(a)(4)(E), the Equal Access to Justice Act, and any other applicable statute or regulation; and

 f)  Grant such further relief as the Court deems just, equitable, and appropriate.

Respectfully submitted,

| | |
|---|---|
| *s/ Vanessa Stine* | *s/ Kristin Macleod-Ball* |
| Vanessa Stine (PA 319569) | *s/ Tomas Arango* |
| ACLU of Pennsylvania | Kristin Macleod-Ball* |
| P.O. Box 60173 | Tomas Arango* |
| Philadelphia, PA 19102 | National Immigration Litigation Alliance |
| (215) 839-9911 | 10 Griggs Terrace |
| vstine@aclupa.org | Brookline, MA 02446 |
| | (617) 819-4447 |
| | kristin@immigrationlitigation.org |
| | tomas@immigrationlitigation.org |

*\*Pro hac vice application forthcoming*

*Attorneys for Plaintiffs*

Dated: January 24, 2025